IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID HOFFMANN, #28353,** )  ) | |
|           **Plaintiff,** ) ) | |
| vs. ) ) | Case No. 3:15-cv-00289-MJR |
| **ROBERT HERTZ,** ) **GARY BOST,** ) **SGT. DOVER,** ) **DON MCNAUGHTON,** ) **SHERIFF LAKIN, and** ) **UNKNOWN PARTY** ) ) | |
|           **Defendants.** ) | |

**<u>MEMORANDUM AND ORDER</u>**

**REAGAN, Chief District Judge:**

This matter comes before the Court related to Plaintiff's Complaint (Doc. 1); Plaintiff's Motion to Produce Documents and Records (Doc. 6); Motion for Leave to File an Amended Complaint (Doc. 8.); Motion for Copies (Doc. 9); Request for Admissions (Doc. 10); and Motion for Leave to File an Amended Complaint (Doc. 11).

Plaintiff David Hoffmann is currently incarcerated at the Madison County Jail in Edwardsville, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Hoffmann filed his initial complaint in this Court on March 16, 2015, alleging that the conditions at the Madison County Jail are unconstitutional because there have been repeat sewage leaks at the jail throughout 2014, which led to waste deposits in Hoffmann's housing unit, a lack of clean drinking water during the leaks, and an unspecified lack of medical treatment. (*Id.* at 6-10.) On March 25, 2015, Hoffmann filed a two-page amended complaint. (Doc. 8.) The amended complaint did not duplicate or mention the allegations in his initial complaint, instead focusing on a new sewer leak at the Madison

County Jail occurring on March 18 and 19, 2015. (*Id.*) On March 30, 2015, Hoffmann filed yet another amended complaint. (Doc. 11.) This filing was one page in length, referenced the jail's lack of legal resources, and made no mention of sewer-related issues at the jail. (Doc. 11.) Since filing his original complaint in mid-March, Hoffmann has also filed two discovery motions with the Court: the first seeks documents from the jail pertaining to the jail's sewage issues and legal complaints concerning those issues, while the second demands admissions from the Madison County Jail concerning specific sewage leaks at the jail. (Doc. 6 & 10.)

Hoffmann's recent filings present a number of docket management issues. For one, Hoffmann seems unaware of the fact that new allegations may not be brought in a case via piecemeal complaints. A case may have only one operative complaint, so when a party files an amended complaint, it "supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). In other words, if a plaintiff wants to add new claims to a case but keep his original ones intact, he must file an amended complaint that includes the new claims and the original claims. The Court doubts that Hoffmann wishes to rely on either of his amended complaints as the operative one here, as both filings include only summary allegations, and neither includes any of the content pled in Hoffmann's initial complaint. For that reason, the Court has construed Hoffmann's amended complaint filings as motions to amend, and will deny those motions without prejudice. If Hoffmann wishes to file a First Amended Complaint in this case covering the allegations raised in his original complaint and others, he has 35 days from the date of this order to do so. If he does not file a

First Amended Complaint within that time, the original complaint will serve as the operative complaint, and the Court will conduct a merits review of the original complaint only.[1]

Hoffmann should keep a few things in mind should he decide to file a First Amended Complaint. For one, the First Amended Complaint will replace the original complaint, "render[ing] the original complaint void." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004). Second, the First Amended Complaint must stand on its own, without reference to any other pleading, including any previous complaints and exhibits. In this vein, the factual particulars of Hoffmann's claims – namely the constitutional violations alleged and the personal involvement of each defendant in those violations – must be spelled out in the new complaint. Third, Hoffmann must re-file any materials he wishes the Court to consider along with the First Amended Complaint, including any memoranda or exhibits. Finally, in preparing the amended complaint, Hoffmann is warned that he may not bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Taking all of Hoffmann's allegations together, he suggests claims related to sewage leaks at the jail, failure to provide drinking water, failure to provide medical treatment, and failure to provide legal resources. If the amended complaint includes separate claims against different defendants, the Court will sever those claims into different cases, which will lead to additional filing fees if Hoffmann decides to proceed with the severed claims. If severance occurs, Hoffmann will have an opportunity to withdraw any severed claims in order to avoid incurring additional fees.

---

[1] Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." The Court has deferred a merits review of Hoffmann's initial complaint so Hoffmann can either elect to file a First Amended Complaint or rely on his initial complaint.

Hoffmann has also filed a number of discovery-related motions, suggesting to the Court that he is unfamiliar with the timeline for civil litigation and this Court's discovery-related rules. Hoffmann's attempts to seek discovery at this stage are premature. Hoffmann's case starts with an operative complaint, proceeds to a prompt merits review by the Court pursuant to 28 U.S.C. § 1915A, and – presuming the complaint passes merits review – moves along to service of the complaint on named defendants and referral to a magistrate judge for pretrial matters. The served defendants can then file an answer or motion to dismiss and the magistrate judge will establish a schedule for discovery. After the magistrate judge sets a pretrial schedule and an order on discovery matters, discovery can begin, by way of Hoffmann serving requests for production, interrogatories, admissions, or other discovery-related materials on the served defendants. *See* FED. R. CIV. P. 26(a)(1)(B)(iv), (d)(1) & (f)(1). Hoffmann will serve those materials on the defendants only – all discovery materials, with the exception of requests for admission, should not be filed with the Court. *See* Local Rule 26.1(b). Because Hoffmann's discovery-related motions are premature, they are denied without prejudice.

Finally, Hoffmann has filed a motion for copies, seeking copies of the "amended complaints that [were] submitted." (Doc. 9.) The Court is under no obligation to furnish free photocopies of pleadings in civil cases to indigent litigants, even when the litigant qualifies as a pauper pursuant to 28 U.S.C. § 1915(a). *See*, *e.g.*, *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (holding that pauper status "does not give the litigant a right to have documents copied and returned to him at government expense"); *Barber v. Justus*, No. 11-626-GPM, 2012 WL 3600225, at *2 (S.D. Ill. Aug. 20, 2012) ("The court is under no obligation to furnish free photocopies to indigent defendants."). The Court's charge for photocopies is $0.50 per page. Because Hoffmann has not paid the document copying fee, his motion for copies is denied

without prejudice. Hoffmann's first proposed amended complaint, referenced in Doc. 8, is two pages long; his second proposed amended complaint, referenced in Doc. 11, is five pages long. Copies of these materials will be provided only upon prepayment of the copying fee accompanied by a renewed motion for copies of the documents by title and document number.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motions to file amended complaints (Doc. 8 & 11) are hereby **DENIED** without prejudice. If Plaintiff still wishes to file an amended complaint to raise the allegations in his original complaint and others, he may do so within 35 days of the entry of this order (on or before May 13, 2015). If Plaintiff wishes to rely on his original complaint in this matter only (Doc. 1), no action is necessary.

If Plaintiff elects to file a First Amended Complaint, he shall label the pleading First Amended Complaint and include Case Number 3:15-cv-00289-MJR. The amended complaint shall identify the individual Defendant or Defendants responsible for the alleged unconstitutional actions and how those individuals were personally and directly involved in the alleged unconstitutional actions. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery,* 354 F.3d at 638 n.1. The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleadings in this case or elsewhere. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits or memoranda he wishes the Court to consider along with the First Amended Complaint. In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that merits review of Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A is held in **ABEYANCE** pending expiration of the 35 day period referenced above.  If Plaintiff does not file a First Amended Complaint within 35 days of the entry of this order, merits review of his original complaint will occur in due course.  If Plaintiff does file a First Amended Complaint, the original complaint will be null and void, and merits review of the First Amended Complaint will occur in due course.  No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the operative complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Produce Documents and Records (Doc. 6) and Request for Admissions (Doc. 10) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Copies (Doc. 9) is **DENIED** without prejudice for failure to pay the $0.50 per page fee for photocopies.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is held in **ABEYANCE** pending merits review of Plaintiff's operative complaint.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 8, 2015**

**s/ MICHAEL J. REAGAN**
**Chief Judge Michael J. Reagan**
**United States District Judge**
