IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID HOFFMANN, #28353,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:15-cv-00289-MJR |
| ) | |
| **ROBERT HERTZ,** ) | |
| **GARY BOST,** ) | |
| **SGT. DOVER,** ) | |
| **DON McNAUGHTON,** ) | |
| **SHERIFF LAKIN, and** ) | |
| **UNKNOWN PARTY** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff David Hoffmann is currently incarcerated at the Madison County Jail in Edwardsville, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Hoffmann has filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the conditions at the Madison County Jail are unconstitutional because there have been repeat sewage leaks at the jail and a lack of clean drinking water, running water, and medical treatment during those leaks. (*Id.* at 6-10.) Hoffmann seeks compensatory and punitive damages against all defendants. (*Id.* at 11.)

This matter is now before the Court for a preliminary review of Hoffmann's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is

frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

Hoffmann has been incarcerated at the Madison County Jail in housing unit B-North since at least August 2014, seemingly as a pre-trial detainee. (Doc. 1 at 6.) On August 16, 2014, Hoffmann claims that the sewage system in unit B-North backed up, exposing Hoffmann and fifteen other inmates to "raw sewage waste" made up of several materials, including "feces, urine, semen, saliva, blood plasma, sweat, hair, parasites, bacteria, e-coli, salmonella, bacilli-cocci organisms, fungi, AIDS/Hepatitis, herpes," and other diseases. (*Id.* at 7.) The sewage leak lasted for three days and measured six inches deep or more at its worst. (*Id.*) During that time, Hoffmann says he was denied drinking water and medical treatment by Hertz and Bost. (*Id.*)

According to Hoffmann, the August 2014 sewage problem was no isolated matter: B-North experienced another sewage leak on September 4, 2014, which ran for one day; another leak on September 6, 2014, which persisted for an unknown amount of time; another leak on September 17, 2014, which ran for two days; another leak on October 24, 2014, which ran for two days; and another leak on December 27, 2014, which ran for two days. (*Id.* at 7-9.) During each leak, Hoffmann claims that various jail officers and staff denied him drinking water, running water, and medical treatment. (*Id.*) Hoffmann claims that he "filed [a] grievance" with jail officials concerning the sewage problems, but was summarily ignored. (*Id.* at 5.)

On March 16, 2015, Hoffmann filed a § 1983 complaint in this Court. (*Id.* at 1.) Since filing his initial complaint, Hoffmann has also filed two documents, both separately titled "Amended Complaint." (*See* Doc. 8; Doc. 11.) The first "Amended Complaint" – filed on March 25, 2015 – is two pages long and includes summary allegations concerning two new

sewer issues at the jail. (Doc. 8 at 1-2.) The second "Amended Complaint" – filed five days later on March 25, 2015 – is a little over one page long and states that the jail has not provided Hoffmann with a "proper law library" or an appropriate grievance procedure. (Doc. 11 at 1-2.) The Court construed these filings as motions to file amended complaints and denied them without prejudice on April 8, 2015. (Doc. 15.) In the Court's April 8, 2015 order, Hoffmann was given until May 13, 2015 to file a single amended complaint with all of his allegations; if he did not, he was advised that his initial complaint would be treated as controlling. (*Id*.) Preliminary screening review was held in abeyance pending Hoffmann's response. (*Id*.)

Hoffmann has not responded to the Court's April 8, 2015 order, so the Court will treat his March 16, 2015 complaint as the operative one in this case, and screen it under § 1915A.

## Discussion

Hoffmann's complaint first focuses on individual claims related to the sewage and water-related problems at the Madison County Jail, so the Court will begin there (**Count 1**). Because Hoffmann appears to be a pre-trial detainee, these claims arise under the Fourteenth Amendment of the United States Constitution, as opposed to the Eighth Amendment. *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). That said, the Court uses "Eighth Amendment case law as a guide in evaluating" pre-trial conditions claims. *Id.* Under both amendments, conditions of confinement claims "proceed[] through a two-step inquiry" – first, a court considers "whether the adverse conditions" at the jail "were sufficiently serious"; and second, a court determines whether "prison officials were deliberately indifferent to the adverse conditions" alleged in the complaint. *Rice ex rel. Rice v. Correctional Med. Servs.*, 675 F.3d 650, 664-65 (7th Cir. 2012).

As it concerns the first step of this inquiry, conditions are sufficiently serious when a prisoner is denied "the minimal civilized measure of life's necessities," including "adequate

sanitation and personal hygiene items." *Budd*, 711 F.3d at 842. Even if certain conditions are not individually serious enough to work constitutional violations, the Seventh Circuit has held that "conditions of confinement may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Id.* at 842-43 (*quoting Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). Applying this standard here, Hoffmann's allegations related to the sewage- and water-related problems at the jail are enough to put forth "sufficiently serious" conditions, at least for purposes of initial review.

As it concerns the second step of this inquiry, the complaint must suggest that the named defendants had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298. In other words, a plaintiff bringing a § 1983 claim must allege that each defendant was "personally involved in the deprivation" of his rights. *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995). This hurdle is cleared in the conditions of confinement context when a prisoner alleges that jail personnel were aware of problematic conditions yet did nothing, or when a prisoner claims that jail personnel were involved in the problematic conditions. *See*, *e.g.*, *White v. Monohan*, 326 F. App'x 385, 388 (7th Cir. 2010) (allegation that defendants were "aware of the conditions" and "did 'nothing' to address [them] except make them worse" stated a claim); *Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996) (allegation that defendants were involved in conditions sufficient to state a claim); *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1047 (7th Cir 1989) (unrebutted allegation that staff were "personally aware" of conditions sufficient to make out personal involvement). Here, Hoffmann alleges that Hertz, Bost, Lakin, Dover, McNaughton, and the three John and Jane Doe nurses knew of the sewage conditions yet failed to provide

running water or drinking water at various points during the leaks, and that is enough to state an arguable claim against these defendants at this stage.  As such, **Count 1** may proceed.[1]

Hoffmann also states that he is bringing an official capacity suit concerning the conditions at the jail (**Count 2**).  To bring an official capacity claim, Hoffmann must allege that his constitutional deprivation was "undertaken pursuant to an official jail policy or widespread custom."  *Grieveson v. Anderson*, 538 F.3d 763, 773 (7th Cir. 2008).  In other words, he must point to "an express policy which caused the injury, a widespread practice that is so well-settled as to amount to a policy," or show that the sheriff had the "final policymaking authority for the decisions" regarding jail conditions.  *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).  Here, Hoffmann has alleged repeat sewage issues at the jail that led to punitive conditions of confinement, and that is enough to put forth a municipal practice or custom for purposes of initial review.  *See*, *e.g*., *Budd*, 711 F.3d at 843 (claim alleging that sheriff "creat[ed] conditions at the jail and permit[ed] them to persist" stated a "municipal practice or custom"); *Young v. Sheehan*, No. 98 C 6527, 2000 WL 288516, at *5 (N.D. Ill. Feb. 24, 2000) (allegations of "punitive conditions existing at Cook County Jail and inadequate conditions of confinement" were "sufficient to support the inference of an official county jail policy, practice, or custom"); *Landfair v. Sheahan*, 878 F. Supp. 1106, 1111 (N.D. Ill. 1995) (permitting § 1983 complaint to proceed because allegations in complaint could lead to an inference of a "custom or policy of providing inadequate supplies").  Accordingly, **Count 2** may proceed against Sheriff Lakin.

---

[1] In his narrative, Hoffmann also asserts that Deputy Hare, Deputy Sergeant Jodie, Deputy Gary Michart, Sergeant Anthony Court, and Lieutenant Hill were involved in his claims.  However, Hoffmann has not named these individuals in his caption or in his list of defendants, so the Court cannot treat them as defendants in this case.  *See* FED. R. CIV. P. 10 (title of complaint must "name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (for an individual to be considered a party under Rule 10 he must be "specif[ied] in the caption").

In addition, Hoffmann claims that jail officials denied him medical treatment during the sewer leaks at the jail (**Count 3**).  To be sure, the Fourteenth Amendment prohibits "deliberate indifference to the serious medical needs of pretrial detainees."  *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991).  But there are pleading requirements for such a claim:  a plaintiff "claiming a constitutional violation under § 1983 for denial of medical care" must allege that his "medical condition was objectively serious" and that a defendant's "acts or omissions were sufficiently harmful to evidence deliberate indifference" to that condition.  *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).  Here, Hoffmann has not alleged that he suffered a serious medical condition during the sewer issues at the jail, let alone that the defendants were indifferent to any serious condition.  Because the complaint lacks any allegations on these points, **Count 3** must be dismissed without prejudice.

Finally, Hoffmann offers a conclusory statement that his rights have been violated under the First, Fifth, Eighth, and Thirteenth Amendments, and that he has been denied equal protection of laws.  (Doc. 1 at 9.)  However, Hoffmann has not laid out any claims under these provisions, so claims under them should be considered dismissed without prejudice.

One closing note concerning the John and Jane Doe nurses: these nurses must be identified with particularity before service of the complaint can occur on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown prison staff sufficient to raise a claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir.2009).  In this case, guidelines for discovery aimed at identifying the unknown nurses will be set by the magistrate judge, so that Hoffmann can

identify these individuals. John Lakin, the Sheriff of Madison County, is already named in the suit, so there is no need to add additional parties to assist in identification at this time.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against **HERTZ**, **BOST**, **DOVER**, **McNAUGHTON**, and **LAKIN**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **LAKIN**.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process at Government Expense (Doc. 13) is **GRANTED**. Service shall be ordered as indicated below.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **HERTZ**, **BOST**, **DOVER**, **McNAUGHTON**, and **LAKIN** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the John and Jane Doe defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. It is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded.

Defendants are **ORDERED** to timely file appropriate responsive pleadings to the complaint and shall not waive filing replies pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 2) and Supplement to the Motion for Recruitment of Counsel (Doc. 17) are **REFERRED** to United States Magistrate Judge Stephen C. Williams for consideration.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 19, 2015**

<u>s/ MICHAEL J. REAGAN</u>
**Chief Judge Michael J. Reagan**
**United States District Judge**