IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID HOFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15–cv–00289–MJR–SCW |
| | ) |
| ROBERT HERTZ, | ) |
| GARY BOST, | ) |
| SERGEANT DOVER, | ) |
| DON MCNAUGHTON, | ) |
| SHERIFF LAKIN, | ) |
| NURSE MARTY, | ) |
| NURSE VALLERY, and | ) |
| NURSE ALLYSIA, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### A.   INTRODUCTION

On March 16, 2015, while a pretrial detainee at Madison County Jail in Edwardsville, Illinois, David Hoffmann filed suit in this Court seeking damages for alleged violations of his federally-secured constitutional rights. In his pro se complaint filed under 42 U.S.C. 1983, Hoffman (Plaintiff) complained of the conditions of his confinement at the jail. Specifically, he alleged there were a series of at least six sewage leaks from August 16, 2014 and December 27, 2014, which subjected him to inhumane conditions including "raw sewage waste approximately 6-inches or more" and that he was denied access to clean drinking water during these leaks (Doc. 1, pp. 6-10.)

1

Plaintiff had named the county sheriff, the jail superintendent, and various jail officials/employees as Defendants. On threshold review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A (*see* Doc. 20), the undersigned found that Plaintiff had stated two cognizable claims:

- Count I - against Defendants in their individual capacity for exposing Plaintiff to raw sewage, and denying Plaintiff clean drinking water, and

- Count II - against Defendant Lakin (the Madison County Sheriff) in his official capacity concerning the conditions at the jail.

The Court denied Plaintiff's pre-screening requests to amend his complaint, due to the fact that he attempted to make piecemeal additions to his complaint and did not respond to an order directing him to submit one complaint containing all of his claims (*see* Doc. 15). After threshold screening, on November 4, 2015, Plaintiff filed another motion to amend his complaint. No response to this motion has been filed by any Defendant, and the time to do so has lapsed. For the following reasons, the Court **GRANTS** Plaintiff's motion to amend complaint (Doc. 56). The Court now screens the amended complaint pursuant to § 1915A.

    B.    <u>ANALYSIS OF MOTION TO AMEND COMPLAINT</u>

A plaintiff may amend his complaint by leave of court. **FED. R. CIV. P. 15(a)(2).** A court should grant leave to amend when justice so requires. **FED. R. CIV. P. 15(a)(2).** Here, Defendants have not objected to the proposed amendment. Additionally, the proposed amendment seeks to factually develop and clarify Plaintiff's existing claims. Plaintiff alleges that the deficient conditions of confinement continued after he filed his

original complaint and that the sewer backed up several more times. Plaintiff also alleges that his personal toilet did not function for a ten-day period as a result of the deficient plumbing and that the jail developed black mold as a result of the frequent back-ups. Plaintiff also attempts to add a deliberate indifference claim for injuries he claims are related to the sewer back-up. Plaintiff no longer is confined at Madison County Jail, but because all of the claims mentioned above stem from the same situation, i.e., the plumbing defect at the Madison County Jail, and because Defendants have not asserted any prejudice, the Court finds that the interests of justice warrant permitting Plaintiff to amend his complaint. The Clerk of Court is therefore **DIRECTED** to file Plaintiff's proposed amended complaint.

That does not end the matter. When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading controls. ***Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008).** The Court is required to conduct a prompt, fresh threshold screening under § 1915A, which provides that the court shall review, before docketing if feasible or as soon as practicable after docketing, a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

C. THRESHOLD SCREENING OF AMENDED COMPLAINT

On threshold review under § 1915A(b), the court must identify cognizable claims and dismiss any parts of the complaint that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

3

Here, Plaintiff's amended complaint alleges that he was subjected to inhumane conditions at the Madison County Jail.

## 1. Conditions of Confinement

The Eighth Amendment to the United States Constitution obligates prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care for inmates.[1] *Farmer v. Brennan*, **511 U.S. 825, 832 (1994);** *Knight v. Wiseman,* **590 F.3d 458, 463 (7th Cir. 2009).** To establish an Eighth Amendment violation in the conditions of confinement context, a plaintiff must satisfy both an objective factor (i.e., that he suffered a sufficiently serious deprivation) and a subjective factor (i.e., that the defendant subjectively acted with deliberate indifference to the plaintiff's condition of confinement). *Sain v. Wood*, **512 F.3d 886, 894 (7th Cir. 2008);** *Helling v. McKinney*, **509 U.S. 25, 35 (1993)**.

With respect to the objective factor, the plaintiff is required to offer proof of the potential harm and the likelihood that such injury to health will actually be caused by the condition of confinement. *Helling,* **509 U.S. at 36**. And the court is required to assess whether society considers the risk that the prisoner complains of to be "so grave

---

[1] Pretrial detainees' conditions of confinement claims are grounded in the due process clause of the Fourteenth Amendment, but courts look to Eighth Amendment caselaw, "given that the protections of the Fourteenth Amendment … are at least as broad as those that the Eighth Amendment affords to convicted prisoners." *Rice ex rel. Rice v. Corr. Medical Services,* **675 F.3d 650, 664 (7th Cir. 2012),** *citing Brown v. Budz,* **398 F.3d 904, 910 (7th Cir. 2005).**

4

that it violates contemporary standards of decency to expose *anyone* unwilling to such a risk." *Id*. With respect to the subjective factor, the defendant must have known of the substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to address it. **Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008),** *citing* *Farmer***, 511 U.S. at 847.**

The Court previously found that Plaintiff had stated a conditions of confinement claim based on his allegations that he was exposed to raw sewage and deprived of fresh water. Plaintiff's amended complaint omits any reference to sewer back-ups that, per the original complaint, occurred on September 4, 2014 and October 24, 2014. Therefore, Count I longer states any claims for events that may have happened on those two days. Additionally, Count I was originally directed against all Defendants, including the three nurse Defendants -- Marty, Vallery, and Allysia. The amended complaint does not allege that the nurses were deliberately indifferent to the sewer back-ups or the detainees' lack of water. Because this allegation is no longer present in the amended complaint, Count I against the nurses (Defendants Marty, Vallery, and Allysia) is **DISMISSED without prejudice**.

Plaintiff now alleges that there was a sewer back-up in mid-June 2014, and one on June 14, 2015. He has also stated a claim against additional defendants. Count I now states a conditions of confinement claim for exposure to raw sewage and deprivation of fresh water against Defendants Schmidt, Bost, Hertz, Sellers, Walker, Dover, McNaughton, Reichart, Beckley, and Hallenbeck for incidents that occurred on an

5

unspecified day in mid-June 2014, on August 16, 2014, on September 6, 2014, on September 17, 2014, on December 27, 2014, and on June 14, 2015.

Count II of the original complaint stated a claim against Lakin (the Madison County Sheriff) in his official capacity. The amended complaint makes no mention of Lakin anywhere in the body/text. Likewise, Plaintiff lists Miller as a Defendant but includes no allegations against him. Merely invoking the name of a defendant is not sufficient to state a claim against that individual. ***Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)**. Lakin and Miller merit dismissal on this basis.

Additionally, to the extent that Count II was a "*Monell*" claim, the amended complaint does not come close to articulating facts which could support such a claim. Units of local government are responsible only for their policies, *not* misconduct by their misbehaving workers. ***See Lewis v. City of Chicago*, 496 F.3d 645, 650 (7th Cir. 2007),** *quoting* ***Fairley v. Fermaint*, 482 F.3d 897 (7th Cir. 2007).** To maintain a § 1983 claim against a defendant like a county sheriff in his official capacity — in essence, to maintain a claim against the county itself — a plaintiff must demonstrate that an official policy or custom of the county was the cause of his constitutional injury. ***Holmes v. Sheahan*, 930 F.2d 1196, 1199 (7th Cir. 1991),** *citing* ***Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).** So, in the case at bar, Plaintiff must establish that his constitutional violations were caused by a policy or custom of the jail (not just the actions of the sheriff or other county employees). ***See Hahn v. Walsh*, 762 F.3d 617, 638 (7th Cir. 2014).**

6

A plaintiff *can* hold a municipality liable under § 1983 by showing deliberate action that is attributable to the municipality itself in one of three ways: (1) an express municipal policy; (2) a widespread though unwritten custom or practice; or (3) a decision by a municipal agent with final policymaking authority. *Milestone v. City on Monroe, Wisconsin*, **665 F.3d 774 (7th Cir. 2011).** In this case, Plaintiff has not alleged that any of the named individual Defendants were acting pursuant to an official policy or a widespread practice or custom. Therefore, Count II must be dismissed at this time, as there are no facts to support such a claim against Defendant Lakin in the amended complaint. Defendants Lakin and Miller are **DISMISSED without prejudice.**

Plaintiff's amended complaint also alleges that there was mold in the cell block and that Defendant Reichart knew about it and refused to clean it. The existence of toxic mold could be the basis of a viable conditions of confinement claim. At the pleading stage, nothing more is required. Therefore, Plaintiff's claim against Defendant Reichart for the mold in the cell block will proceed as the new Count II.

Plaintiff now alleges that the toilet in his cell did not work for a ten-day period between July 4, 2015 and July 14, 2015. He alleges that Defendants Beckley, Hallenbeck, Schmidt, Hill, Bost, and Dover were deliberately indifferent to this condition. Facilities to wash and use the toilet are among the "minimal civilized measures of life's necessities." *Jaros v. Illinois Dept. of Corrections*, **684 F.3d 667, 670 (7th Cir. 2012),** *citing Rhodes v. Chapman*, **452 U.S. 337, 347 (1981)**. Deprivation of access to the toilet states a claim at this stage in the proceeding. Count III will be permitted to proceed.

## 2. Deliberate Indifference to Serious Medical Needs

Prison officials violate the Eighth Amendment's proscription against "cruel and unusual punishments" if they display deliberate indifference to an inmate's serious medical needs. *Greeno v. Daley*, **414 F.3d 645, 652–53 (7th Cir. 2005),** *quoting Estelle v. Gamble*, **429 U.S. 97, 104 (1976).** A prisoner is entitled to reasonable measures to meet a substantial risk of serious harm — not to demand specific care. *Forbes v. Edgar*, **112 F.3d 262, 267 (7th Cir. 1997).**

To prevail, a prisoner who brings an Eighth Amendment challenge of constitutionally-deficient medical care must satisfy a two-part test. *Arnett v. Webster*, **658 F.3d 742, 750 (7th Cir. 2011).** The first prong that must be satisfied is whether the prisoner has shown he has an objectively serious medical need. *Arnett*, **658 F.3d at 750.** *Accord Greeno*, **414 F.3d at 653.** A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, **593 F.3d 610, 620 (7th Cir. 2010).** *Accord Farmer v. Brennan*, **511 U.S. 825, 828 (1994) (violating the** *Eighth Amendment* **requires "deliberate indifference to a** *substantial* **risk of** *serious* **harm.") (internal quotation marks omitted; emph. added).** Only if the objective prong is satisfied is it necessary to analyze the subjective prong, which focuses on whether a defendant's state of mind was sufficiently culpable. *Greeno*, **414 F.3d at 652–53.**

8

Plaintiff's amended complaint presents a claim against Defendants Marty, Vallery, and Allysia,[2] or more accurately, two of the three, for deliberate indifference. The allegations supporting this claim are quite thin, but they pass muster at the pleading stage. Plaintiff could potentially develop facts that show that his diarrhea was a serious medical condition, and the failure to provide medication or refer plaintiff to the doctor constituted deliberate indifference on the part of the nurses. **Plaintiff shall file a notice of voluntary dismissal when he identifies through discovery which two nurses he saw on December 29, 2014.**

As to Defendant Dr. Blankenship, the only allegation as to him is that he "is in charge." As noted above, there is no respondeat superior liability in § 1983. *Polk County v. Dodson*, **454 U.S. 312, 325 (1981)**. Plaintiff cannot proceed against Blankenship on this basis. Defendant Blankenship is **DISMISSED without prejudice**.

Plaintiff also now alleges that the nurses "acted in a very unprofessional manner, laughing and humiliating Plaintiff and other detainees if this was some kind of joking matter." Unprofessional conduct is not a claim on which relief can be granted. *See, e.g.*, *Gutierrez v. Peters*, **111 F.3d 1364, 1375 (7th Cir. 1997)**; *Kincaid v. Vail*, **969 F.2d 594, 602 (7th Cir. 1992).** Plaintiff does not state a claim against any of the nurses on *these* grounds. But, as explained above, Plaintiff's deliberate indifference claims for medical

---

[2] Plaintiff's amended complaint corrects the spelling of the three nurses' names to "Martha Major," Allysia Rushing," and "Valleri Bassets."

treatment rendered on December 29, 2014 against Marty, Vallery, and Allysia will proceed as Count IV at this time.

### 3. Other Defendants

Other than the Defendants discussed above, Plaintiff also discusses Hill, Court, Coleman, and Hare in the *body* of his complaint but does not list those individuals as defendants in the caption. As previously noted in the threshold order, the Court cannot treat individuals as defendants where they are not listed in the caption of the case. *See* **FED. R. CIV. P. 10 (title of complaint must "name all the parties")**; ***Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (finding that an individual must be "specified in the caption" to be considered a party under Rule 10)**. Therefore, the Court finds that Plaintiff has stated no claims against these individuals.

### D. CONCLUSION

The Court **GRANTS** Plaintiff's motion to file an amended complaint (Doc. 56). The Clerk of the Court is **DIRECTED** to file the amended complaint. The amended complaint will proceed on four claims/counts:

> **Count I**: a conditions of confinement claim for exposure to raw sewage and deprivation of fresh water against Defendants Schmidt, Bost, Hertz, Sellers, Walker, Dover, McNaughton, Reichart, Beckley, and Hallenbeck for incidents that occurred on an unspecified day in mid-June 2014, August 16, 2014, September 6, 2014, September 17, 2014, December 27, 2014, and June 14, 2015;
>
> **Count II:** a conditions of confinement claim regarding mold in the cellblock against Defendant Reichart;
>
> **Count III**: a conditions of confinement claim regarding the plumbing issues in Plaintiff's individual cell from July 4 to July 14, 2015 against Defendants Beckley, Hallenbeck, Schmidt, Hill, Bost, and Dover; and

10

> **Count IV:** a deliberate indifference claim to serious medical needs against Defendants Marty, Allysia, and Vallery.

The Clerk of Court is **DIRECTED** to correct the misspellings on the docket and change the following Defendants' names -- "Marty" to "Martha Major," "Allysia" to "Allysia Rushing," and "Vallery" to "Valleri Bassets."

Plaintiff's original claim against Marty, Allysia, and Vallery for deliberate indifference to the sewer breakdowns and the lack of fresh water is **DISMISSED without prejudice.** Plaintiff's claim against Defendant Lakin in his official capacity is also **DISMISSED without prejudice**. Plaintiff's claim against Defendant Miller is **DISMISSED without prejudice.** Plaintiff's claim against Defendant Blankenship is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants "Tom Schmidt," "Tim Walker" "Blake Sellers," "Robert Hallenbeck," "Drew Beckley," and "Craig Reichart": (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants Bost, Dover, Lakin, and McNaughton have filed a motion to dismiss as their responsive pleading (Doc. 43). As the Court has granted Plaintiff's motion to amend the complaint, that motion is now **MOOT**. Defendant Hertz filed his own motion to dismiss (Doc. 46), which is also now **MOOT**.

IT IS SO ORDERED.

DATED: March 8, 2016.

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge
