## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID L. HOFFMANN,                      )
                                        )
      Plaintiff,                    )
                                        )
vs.                                     )          Case No. 15-cv-00289-JPG-SCW
                                        )
ROBERT HERTZ, et al.,                   )
                                        )
      Defendants.                   )

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court on the Report and Recommendation ("R & R") [Doc. 107] of Magistrate Judge Stephen C. Williams recommending that this Court deny defendants' motions for summary judgment.  The defendants filed objections to the R & R [Docs. 108 & 109] in a timely manner.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.  Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  The defendants have filed objections, so this Court will review *de novo* those portions of the R & R to which objections have been filed.

The Plaintiff filed his amended complaint and upon threshold review, was allowed to proceed on the following claims:

**Count I**: a conditions of confinement claim for exposure to raw sewage and deprivation of fresh water against Defendants Schmidt, Bost, Hertz, Sellers, Walker, Dover, McNaughton, Reichart, Beckley, and Hallenbeck for incidents that occurred on an unspecified day in mid-June 2014, August 16, 2014, September 6, 2014, September 17, 2014, December 27, 2014, and June 14, 2015;

**Count II:** a conditions of confinement claim regarding mold in the cellblock against Defendant Reichart;

**Count III**: a conditions of confinement claim regarding the plumbing issues in Plaintiff's individual cell from July 4 to July 14, 2015 against Defendants Beckley,Hallenbeck, Schmidt, Hill, Bost, and Dover; and

**Count IV:** a deliberate indifference claim to serious medical needs against Defendants Marty, Allysia, and Vallery.

[Doc. 62, pgs. 10 & 11].

Defendant Robert Hertz filed a Motion [Doc. 76] to Dismiss or in the alternative, Motion for Summary Judgment and the remaining defendants also filed a Motion [Doc. 82] to Dismiss or in the alternative, Motion for Summary Judgment shortly thereafter.  Since both motions attach materials outside of the pleadings, these motions must be treated as motions for summary judgment pursuant to Federal Rules of Civil Procedure 56.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).   The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. It may present evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed. R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169. Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252. As the Seventh Circuit Court of Appeals has repeatedly stated, "summary judgment is the 'put up or shut up' moment in the life of a case." *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 612 (7th Cir. 2008).

With regard to the conditions of confinement, the defendants all argue that since they did not have the authority to obtain funds to repair the sewage system, they cannot be held to be deliberately indifferent to the conditions.  However, the R & R found that summary judgment was not appropriate since the plaintiff was alleging specific incidents of being exposed to raw sewage and that the defendants failed to take action to remove him from his cell or to provide him with fresh water and cleaning supplies.

Defendant Hertz separately objects to the R & R stating that it disregarded the fact that defendant Hertz had no knowledge of the plaintiff's complaint.  Specifically, defendant Hertz argues that the R & R "inferred" the conclusion that since defendant Hertz was aware of the sewage problems and back-ups, he was aware of the plaintiff's situation.

> The Supreme Court has recently made clear that a viable Eighth Amendment claim must contain both an objective and subjective component. To satisfy the objective component, "the deprivation alleged must be, objectively, 'sufficiently serious.' " As the Supreme Court explained in *Farmer*, to be sufficiently serious "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim."

*Henderson v. Sheahan,* 196 F.3d 839, 845 (7th Cir. 1999)(internal citations omitted).

> The subjective component requires the detainee allege that the jail officials knew of a substantial risk of serious injury to the detainee but nevertheless failed to take reasonable measures to prevent that harm from occurring. "[A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Id.* at 845.

In this case, there is no indication that defendant Hertz was aware of plaintiff's specific exposure to raw sewage.  There is also no evidence that defendant Hertz was present and/or informed of any of the plaintiff's specific incidents other than being informed of the general condition of the jail facility.  Further, the plaintiff testified that he never informed defendant Hertz that he was directly exposed to raw sewage or that he was concerned about his welfare.  Plaintiff states that he could, "only assume" that defendant Hertz was aware of the incidents.  The evidence is clear that defendant Hertz was aware of general problem with the sewage and sewage back-up into the jail.  However, there is no evidence that defendant knew of a specific substantial risk of serious injury to the plaintiff.

With regard to the remaining defendants, the Court agrees with the Magistrate Judge's finding that, taking the facts in the light most favorable to the plaintiff, these individuals were present during the alleged incidents and could have taken measures to remove the plaintiff from the contaminated area regardless of whether they were in a position to correct the sewage system.  It is also noted that these defendants did not object to this portion of the R & R.  Therefore, defendant Hertz, only, is entitled to summary judgment.

Defendants Major, Bassett, and Rushing did file objections to that portion of the R & R which recommended denial of summary judgment with regard to Count IV – that they were deliberately indifferent to plaintiff's medical needs.  The Eighth Amendment's prohibition on the unnecessary and wanton infliction of pain forbids deliberate indifference to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Zentmyer v. Kendall Co.*, 220 F.3d 805, 810 (7th Cir. 2000).  To prevail on such an Eighth Amendment claim, a prisoner must show (1) that he had an objectively serious medical need and (2) that the official knew that the medical

need was serious but disregarded it. *Zentmyer*, 220 F.3d at 810.

"An objectively serious injury or medical need is, 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (citing *Gutierrez v. Peters,* 11 F.3d 1364, 1373 (7th Cir. 1997). A serious medical condition need not be life-threatening, but it should constitute "a denial of the minimal civilized measure of life's necessities." *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006)(*overruled on other grounds*.)

An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference can arise by a failure to provide prompt treatment for serious medical needs or by intentionally interfering with treatment once prescribed." *Chapman v. Keltner*, 241 F.3d 842, 845-46 (7th Cir. 2001)(citing *Estelle*, 429 U.S. at 104-05). It can also arise where a treatment decision was a "substantial departure from accepted professional judgment, practice, or standards," *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996), or was "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment," *Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006). However, a mere difference of opinion by medical professionals as to the way a medical problem should be treated, while it may lead to an inference of negligence, does not give rise to an inference of deliberate indifference. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001); *Pardue*, 94 F.3d at 261. The prisoner must show that the defendant's conduct was intentional or criminally reckless; neither simple nor gross negligence is sufficient to establish deliberate indifference. *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991).

In this case, the R & R found a "dispute of fact" as to "whether Defendants were deliberately indifferent in treating Plaintiff's stomach issues with ear wax remover and/or failing to provide him with care for his diarrhea or exposure to raw sewage." (Doc. 107, pg. 15). However, there is no indication that the plaintiff had an objectively serious medical need and that defendants Major, Bassett, and Rushing knew that the medical need was serious but disregarded it.

Diarrhea and stomach issues can lead to serious issues; however, there is no indication that plaintiff's symptoms were at that level. He was being seen by medical and provided medication. The first time plaintiff was seen he was diagnosed with a cold or flu and given antibiotics and Mucinex. At the next several sick calls, Plaintiff's systems were attributed to ear wax build-up and he was treated for that diagnosis. Plaintiff had an upset stomach, diarrhea, and headaches. There is no testimony that he lost weight, could not keep food down,[1] or had sudden loss of bowel function. Plaintiff also testified that he had no lingering effects after he was transferred. Although the Court acknowledges that exposure to raw sewage is an extreme health hazard, there is nothing to indicate that plaintiff had a serious medical condition, that the defendants were aware of that condition, and that they failed to treat that condition.

The Court does acknowledge that, taking all facts in the light most favorable to the plaintiff, defendants "ridicule" of the plaintiff while he was seeking medical assistance was extremely unprofessional. However, the conduct does not raise to a violation of plaintiff's constitution rights.

---

[1] Affidavit of Martha Major's indicates that the plaintiff ate breakfast prior to sick call on December 29, 2014 when he was complaining of an upset stomach and headache.

The Court has reviewed those portions of R & R to which objections have been filed *de novo* and the remaining portions of the R & R for clear error.  The Court hereby **ADOPTS** in part and **REJECTS** in part the Report and Recommendation (Doc. 107).  Defendant Hertz's Motion [Doc. 76] for Summary Judgment is **GRANTED** and defendant Hertz is **DISMISSED** without prejudice.   The Clerk of Court is directed to enter judgment accordingly at the conclusion of this matter.

Defendants Tom Schmidt, Gary Bost, Blake Sellers, Time Walker, Matthew Dover, Donald McNaughton, Craig Reichert, Drew Beckley, Robert Hollenbeck, Martha Major, Valerie Bassett, and Alisia Rushing's Motion [Doc. 82] for Summary Judgment is **GRANTED** in part and **DENIED** in part. Count IV is **DISMISSED** and defendants Major, Bassett, and Rushing are **DISMISSED** without prejudice. The Clerk of Court is directed to enter judgment accordingly at the conclusion of this matter.

**IT IS SO ORDERED.**

**DATED:**  3/20/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**