# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID L. HOFFMAN,

    Plaintiff,

v.

ROBERT HERTZ, *et al.*,

    Defendants.

Case No. 3:15-cv-00289-JPG-SCW

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 123) of Magistrate Judge Stephen C. Williams recommending that the Court dismiss all claims in this matter with prejudice for plaintiff David L. Hoffman's failure to prosecute. Hoffman has objected to the Report. (Docs. 124–25.)

The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in a report and recommendation. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id*. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

As Magistrate Judge Williams outlined in his report, Hoffman has filed a notice of change of address four times throughout this litigation. (Docs. 50, 59, 110, 114.) Hoffman filed the most recent notice on May 26, 2017, and that notice provides an address in Hanover Park, Illinois. On July 7, the pretrial conference was reset for August 3rd, 2017, and the Clerk sent notice of the rescheduling to Hoffman. Hoffman, however, failed to appear at the pretrial conference. Magistrate Judge Williams then set a show cause hearing for August 18, 2017, and

instructed that "Plaintiff must appear in person and show cause why this case should not be dismissed for failure to prosecute. If Plaintiff fails to appear at the show cause hearing this case will be dismissed with prejudice." (Docs. 118–19.) The Clerk sent notice of the show cause hearing to Hoffman. Shortly thereafter, however, the July notice that the Clerk sent to Hoffman regarding the rescheduling of the initial pretrial conference was returned to the Clerk as undeliverable. (Doc. 120.)

On August 18, 2017, Hoffman did not appear at the show cause hearing. On August 23, 2017, Magistrate Judge Williams recommended that this Court dismiss the case for failure to prosecute. (Doc. 123.) Plaintiff objected to the Report and claims that (1) his address has not changed since the change-of-address notice he provided to the Court in May 2017, (2) he never received notice of any pretrial conferences, and (3) his diligence and effort in prosecuting this case prior to this series of events shows that he "surely wishes to [proceed]". (Docs 124–25.) Five days later, on September 11, 2017, the notice of the show cause hearing was returned to the Clerk as undeliverable. (Doc. 126.)

Taking the entire record into consideration, the Court will give Hoffman one more chance to comply with Magistrate Judge Williams's directives to appear at a pretrial conference. If there is an issue with Hoffman's address—which appears to be the case considering the past two correspondences have been returned as undeliverable—Hoffman must remedy that issue as soon as possible.

Accordingly, the Court **REJECTS** the Report (Doc. 123) and **CAUTIONS** plaintiff Hoffman that failure to remedy his address discrepancy will result in dismissal of his case for failure to prosecute. Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.

**IT IS SO ORDERED.**
**DATED:  October 13, 2017**

    <u>*s/ J. Phil Gilbert*</u>
    **J. PHIL GILBERT**
    **DISTRICT JUDGE**